IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT BERSON, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLIED SIGNAL TECHNOLOGY INC., et al.,<br><br>　　　　Defendants.<br>_____/<br><br>SHELOMAH SAMEYAH, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLIED SIGNAL TECHNOLOGY INC., et al.,<br><br>　　　　Defendants.<br>_____ | No. C 05-1027 SBA<br>(*Related to Case No. 05-1615*)<br><br>**ORDER** |

On May 10, 2005, plaintiff Frank Whiting ("Whiting") filed a Motion for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Whiting's Motion for Appointment of Lead Plaintiff") [Docket No. 10]. Whiting's Motion for Appointment of Lead Plaintiff is scheduled for a July 26, 2005 hearing.

On July 1, 2005, Defendants Applied Signal Technology, Inc., Gary Yancey, and James Doyle ("Defendants") submitted a Statement of Non-Opposition to Whiting's Motion for Appointment of Lead Plaintiff. In the Statement of Non-Opposition, Defendants also request that *Berson v. Applied Signal Technology Inc., et al.*, Case No. C 05-1027 ("*Berson*") and *Sameyah v. Applied Signal Technology Inc., et al.*, Case No. C 05-1615 ("*Sameyah*"), which are currently deemed related, be consolidated by order of this Court pursuant to Federal Rule of Civil Procedure 42(a). Defendants argue that consolidation is appropriate, here, because the complaints in *Berson* and *Sameyah* assert the same claims against the

same Defendants on behalf of the same purported class, and challenge the same alleged statements to investors. Defendants also state that the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(ii), instructs courts to rule on consolidation prior to the appointment of the Lead Plaintiff.[1]

The Court agrees with Defendants that the *Berson* and *Sameyah* cases involve common questions of law and fact and that consolidation is appropriate under Federal Rule of Civil Procedure 42(a). Since consolidation is within the broad discretion of the district court, the Court therefore finds that it may consolidate the *Berson* and *Sameyah* complaints *sua sponte*. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

Accordingly,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Pursuant to Federal Rule of Civil Procedure 42(a), *Berson v. Applied Signal Technology Inc., et al.*, Case No. C 05-1027, and *Sameyah v. Applied Signal Technology Inc., et al.*, Case No. C 05-1615, are hereby consolidated into Civil Action No. C 05-1027 for pretrial proceedings before this Court. The consolidated action shall be captioned: "*In re Applied Signal Technology, Inc. Securities Litigation*."

2. All related actions that are subsequently filed in, or transferred to, this district shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent order of this Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the order is mailed to the party's counsel.

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

---

[1] If the Court is inclined to consolidate the *Berson* and *Sameyah* cases, Defendants also request that the Court correct a typographical error in the *Berson* and *Sameyah* complaints' captions, both of which omit the comma from the name of the corporate defendant.

4. The docket in Civil Action No. C 05-1027 shall constitute the Master Docket for this action.

5. Every pleading filed in the consolidated action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re APPLIED SIGNAL TECHNOLOGY, INC. SECURITIES LITIGATION | Master File No. C 05-1027 |
| | CLASS ACTION |
| This Document Relates To: | |

6. The file in Civil Action No. C 05-1027 shall constitute the Master File for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:." When a pleading applies only to some, not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (*e.g.*, "No. C 05-1027 (Berson)").

7. The parties shall file an administrative motion pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this district. If the Court determines that the case is related, the clerk shall:

    (a) place a copy of this Order in the separate file for such action;

    (b) serve on plaintiff's counsel in the new case a copy of this Order;

    (c) direct that this Order be served upon defendants in the new case; and

    (d) make the appropriate entry in the Master Docket.

8. After the Court has designated a Lead Plaintiff and Lead Counsel, pursuant to 15 U.S.C.

§ 78u-4(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B)(v), Lead Plaintiff's Counsel shall have the authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations. Lead Plaintiff's Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead Plaintiff's Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders. Lead Plaintiff's Counsel shall be responsible for communications with the Court. Lead Plaintiff's Counsel shall maintain a master service list of all parties and counsel.

9.  Defendants' counsel may rely upon agreements made with Lead Plaintiff's Counsel. Such agreements shall be binding on all plaintiffs.

10. Defendants are not required to respond to the complaint in any action consolidated into this action, other than the consolidated complaint.

11. Lead Plaintiff shall file a consolidated complaint within thirty (30) days of the filing date of the order appointing the Lead Plaintiff. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

12. Defendants shall respond to the consolidated complaint within thirty (30) days after service. If Defendants file any motions directed at the consolidated complaint, the opposition and reply briefs shall be filed within thirty days and forty-five days, respectively, of that response.

13. The parties shall serve all papers on each other by hand, by overnight delivery, or (by prior agreement) by facsimile, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, Defendants may serve plaintiffs' counsel, other than Lead Plaintiff's Counsel, by first-class mail, unless otherwise agreed upon by the parties.

15. Plaintiffs shall file a motion for class certification within thirty (30) days after service

4

1  of the consolidated complaint. Counsel shall propose to the Court a mutually agreeable
2  schedule for class certification discovery and for briefing and hearing of such motion.
3  IT IS SO ORDERED.

5  Dated: 7-12-05

            _____
            SAUNDRA BROWN ARMSTRONG
            United States District Judge

5